UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HAROLD SPENCER GEORGE,

Petitioner,

v.

JEFFREY A UTTECHT,

Respondent.

CASE NO. 3:18-CV-05653-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: February 15, 2019

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Harold Spencer George, who is represented by counsel, filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court convictions. Dkt. 1, 2. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

**I.    Background**

Petitioner was found guilty of three counts of child molestation in the first degree. Dkt. 8-1, pp. 2-13. He was sentenced to an indeterminate term of 180 months to life imprisonment on April 11, 2014. *See id.* Petitioner challenged his convictions and sentence on direct appeal. *See*

*id.* at pp. 78-230. The Court of Appeals of the State of Washington ("state court of appeals") affirmed Petitioner's conviction on February 17, 2016. *Id.* at pp. 40-76. Petitioner did not petition for review in the Washington State Supreme Court ("state supreme court"). *See id.* at pp. 232-36, 238.

Petitioner filed an application for a state collateral attack, a personal restraint petition ("PRP"), on October 11, 2016. Dkt. 8-1, pp. 240-281. The state court of appeals dismissed the PRP and the state supreme court denied Petitioner's motion for discretionary review. Dkt. 8-2, pp. 85-86, 88-95, 97-99. Petitioner filed a motion to modify the commissioner's ruling, which the state supreme court denied on November 8, 2017. *Id.* at pp. 101-13, 115.

On August 13, 2018, Petitioner filed the Petition. Dkt. 1, 2. On December 12, 2018, Respondent filed an Answer and Memorandum of Authorities, wherein he asserts the Petition was filed after the limitations period expired. Dkt. 7. Respondent maintains the Petition is therefore time-barred and should be dismissed with prejudice. *Id.* Petitioner did not file a response to the Answer.

**II.    Discussion**

*A.  Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is

pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, a petition for review in the state supreme court must be filed within thirty days after the entry of the decision of the court of appeals. Wash. RAP 13.4(a). Thus, if a petitioner does not file a petition for review, the state court judgment becomes final at the end of the thirty day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a direct appeal challenging his convictions and sentence. Dkt. 8-1, pp. 78-230. The state court of appeals affirmed Petitioner's convictions on February 17, 2016. *Id*. at pp. 40-76; *see also Wixom*, 264 F.3d at 897-98 (holding that, on direct appeal, it is the decision of the court of appeals affirming the conviction, not the issuance of the mandate, that terminates direct review). Petitioner did not file a petition for review in the state supreme court, making his direct appeal final on March 18, 2016, the date the time for filing a petition for review expired. *See* Wash. RAP 13(a). The AEDPA limitations period began running on March 19, 2016. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The limitations period ran for 207 days, then, on October 11, 2016 -- the date Petitioner filed his PRP -- the limitations period tolled pursuant to 28 U.S.C. § 2244(d)(2). *See* Dkt. 8-1, pp. 240-281. On November 8, 2017 -- the date on which Petitioner's PRP became final -- the limitations period resumed. *See* Dkt. 8-2, pp. 101-13, 115; *see also Corjasso*, 278 F.3d at 879 (finding the statute of limitations remains tolled until the state collateral attack becomes final). When his PRP became final, Petitioner had 158 days (for a total of one year) remaining, or until

April 16, 2018,[1] to file a timely federal habeas petition. Petitioner did not file the Petition until August 13, 2018, which was approximately four months after the limitations period expired. *See* Dkt. 1.

In the Petition, Petitioner contends his Petition is timely, stating:

Judgment became final July 2016, [statute of limitations] was tolled during the personal restraint petition from October 7, 2016 to November 21, 2017. As of August 13, 2018[,] 348 days have passed.

Dkt. 1, p. 14.

First, Petitioner asserts the judgment became final in July 2016, but does not explain the date calculation. *See id*. As discussed above, Respondent asserts and the record shows Petitioner's judgment became final on March 18, 2016, after he failed to appeal the state court of appeals' decision to the state supreme court. *See* Dkt. 7, p. 3, n.2. In the Memorandum in Support of the Petition, Petitioner states he did appeal the state court of appeals' decision to state supreme court. Dkt. 1, p. 3; Dkt. 2, pp. 10-11. Petitioner did not file a response to Respondent's Answer or provide evidence showing he appealed the underlying case to the state supreme court.

In the Petition, Petitioner challenges the convictions and sentence of three counts of child molestation in the first degree following a bench trial in Pierce County Superior Court, case number 13-1-01810-3. Dkt. 1, p. 2. Petitioner states he appealed the state court of appeals' decision affirming his convictions and sentence to the state supreme court under supreme court case number 92861-4. *Id*. Petitioner asserts the state supreme court terminated direct review on March 21, 2016. *Id*.; *see also* Dkt. 2, p. 10.

The record reflects state supreme court case number 92861-4 is an appeal of Pierce County Superior Court case number "131038422," which is not the underlying case challenged

---

[1] The one year time period expired on Sunday, April 15, 2018, giving Petitioner until Monday, April 16, 2018 to file his Petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

in the Petition. *See* Dkt. 1; Dkt. 8-2, pp. 119, 121. As supreme court case number 92861-4 does not relate to the underlying case challenged in the Petition, Petitioner has not shown he appealed the convictions and sentence raised in the Petition to the state supreme court on direct review.

However, even if Petitioner had appealed to the state supreme court, the Petition is still untimely. Petitioner contends the state supreme court denied review on March 21, 2016. Dkt. 2, p. 10. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court (*see* Dkt. 1, p. 4), making his direct appeal final on June 20, 2016, the date the time for filing a petition for certiorari expired. *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA limitations period would have begun running on June 21, 2016 and run for 112 days. As discussed above, the limitations period tolled while Petitioner's PRP was pending from October 7, 2016 until November 8, 2017. If Petitioner had appealed to the state supreme court, he would have had 253 days remaining, or until July 29, 2018, to file the Petition. Petitioner did not file the Petition until August 13, 2018. Thus, even if the state supreme court terminated review of Petitioner's direct appeal on March 21, 2016, the Petition is untimely.

Second, Petitioner asserts the limitations period tolled while his PRP was pending from October 7, 2016 (the date Petitioner signed the PRP) until November 21, 2017 (the date the certificate of finality was issued). *See* Dkt. 1, p. 14; Dkt. 2, p. 11. Petitioner signed his PRP on October 7, 2016, but the PRP was not received by the state clerk's office until October 11, 2016. *See* Dkt. 8-1, pp. 240-48. Under Washington State law, a PRP is deemed filed on the date it is received by the state clerk's office. *In re Carlstad*, 150 Wash.2d. 583, 590 (2003). As such, the tolling period began on October 11, 2016, the date the PRP was filed. Additionally, a PRP is deemed final on the date the state supreme court terminates review, not the date a certificate of

finality is issued. *See Goncalves v. Stewart*, 18 Fed. App'x. 580, 582 (9th Cir. 2001). The state court denied Petitioner's motion to modify the Acting Commissioner's ruling on November 8, 2017, terminating review of Petitioner's PRP. *See* Dkt. 8-2, pp. 115, 117. Thus, Petitioner's PRP became final on November 8, 2017, not November 21, 2017. In summation, the limitations period was tolled from October 11, 2016 until November 8, 2017 and was not tolled from October 7, 2016 until November 21, 2017 as Petitioner contends.

For the above stated reasons, the Court finds Petitioner has not shown the Petition was timely filed. As the record reflects the Petition was filed after the statute of limitations had run, the Petition is untimely.

### B.  Equitable Tolling

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005). Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkt. 1, 2. Therefore, Petitioner fails to show he is entitled to equitable tolling and the Petition is barred by the § 2244 limitations period.

### III.    Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

hold an evidentiary hearing in this case because, as discussed in this Report and

Recommendation, the Petition may be resolved on the existing state court record.

## IV.    Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

(COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

that jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of

Petitioner's claims or would conclude the issues presented in the Petition should proceed further.

Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect

to this Petition.

## V.    Conclusion

Petitioner's Petition is untimely as it was filed more than one year after the state court

judgment became final. There are no extraordinary circumstances in this case requiring the

application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 15, 2019, as noted in the caption.

Dated this 31st day of January, 2019.

David W. Christel
United States Magistrate Judge